[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12287
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-14278-DLG

KENNETH EARL EVANS,

Plaintiff-Appellant,

versus

ST. LUCIE COUNTY JAIL,
KEN MASCARA,
JANE DOE,
DR. ZAMBRANO,
a.k.a. John Doe,
PRISON HEALTH SERVICES,
NURSE TABITHA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Earl Evans, proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged claims of unconstitutional conditions of confinement and deliberate indifference to serious medical needs. Evans asserted these claims against various defendants, and through a series of orders, the district court dismissed the complaint in its entirety, including for failure to state a claim. On appeal, Evans argues that the district court erred in doing so, raising a number of arguments. After careful review, we affirm.

Under 28 U.S.C. § 1915A, a district court is required to dismiss sua sponte a civil complaint filed by a prisoner seeking redress from a governmental entity or a governmental employee or officer if the complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(a), (b)(1). We review de novo such a dismissal, using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). Thus, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). We ask whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). We liberally construe pro se pleadings. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

To state a cause of action under § 1983, a plaintiff must allege that (1) there was an act or omission that deprived him of a constitutional right, privilege, or immunity and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Evans asserts claims of unconstitutional conditions of confinement and deliberate indifference to serious medical needs. Because the prison conditions and the events that underlie Evans's complaint span his time both as a pre-trial detainee and as a convicted prisoner, his claims arise under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. See Harris v. Coweta Cnty., 21 F.3d 388, 393 n.6 (11th Cir. 1994). We note, however, that "the standard for providing basic human needs to those incarcerated or in detention is the same under both [provisions of the Constitution]." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

The Supreme Court has recognized that a prisoner may challenge a

3

condition of confinement, Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981), as well as a failure to provide medical care, Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290 (1976). "Each of these claims requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994)).

The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement. The Court has observed that "the Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes, 452 U.S. at 349, 101 S. Ct. at 2400). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." Thomas, 614 F.3d at 1304 (quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992)). A prison condition is unconstitutional only if it deprives the plaintiff of a human need, Jordan v. Doe, 38 F.3d 1559, 1565 (11th

4

Cir. 1994) (citing Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327 (1994)), or otherwise "'pose[s] an unreasonable risk of serious damage to his future health' or safety," Chandler, 379 F.3d at 1289 (quoting Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481 (1993)).

The objective component of a claim alleging inadequate medical care is also difficult to meet. First, a plaintiff must demonstrate "an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (quotations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation omitted). Second, the plaintiff must show that the response "was poor enough to constitute an unnecessary and wanton infliction of pain." Taylor, 221 F.3d at 1258 (quotation omitted). The level of care exercised by the official must be worse than mere "accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Id. (quotations omitted).

As set out above, the subjective component of both types of claims requires that "the official had a 'sufficiently culpable state of mind.'" Thomas, 614 F.3d at

5

1304 (quoting <u>Farmer</u>, 511 U.S. at 834, 114 S. Ct. at 1977). More specifically, "in both prison conditions and medical needs cases, the relevant state of mind is deliberate indifference." <u>Id.</u> (citing <u>Wilson</u>, 501 U.S. at 303, 111 S. Ct. at 2327). This has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>Farrow</u>, 320 F.3d at 1245 (quotations omitted). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837, 114 S. Ct. at 1979.

Finally, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." <u>Id.</u> The causal connection may be established by showing that (1) the supervisor had notice of a history of widespread abuse, which he neglected to correct; (2) the

supervisor implemented a custom or policy that resulted in deliberate indifference to constitutional rights; or (3) the facts support an "inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (quotations omitted).

Reviewing Evans's complaint in light of these principles, we conclude that Evans has failed to state a claim of unconstitutional condition of confinement. Evans's claim rests on the allegation that on March 20, 2008—when two additional inmates were placed in his cell such that it was at double capacity—two mattresses were also put on the floor of the cell.[1] Evans, who was not required to sleep on a mattress, states that on the following day, as he was going to breakfast, he tripped on one of the mattresses and hurt his back. We recognize that putting mattresses on the floor of an overcrowded prison cell may give rise incidents that cause injury, such as the one that Evans has alleged. However, the placement of mattresses in an overcrowded cell is not, in and of itself, an "extreme" condition that poses "an unreasonable risk of serious damage." Chandler, 379 F.3d at 1289 (quotation omitted). The Supreme Court has rejected the notion that "double

---

[1] Evans also states in his complaint that his bed was "directly in front of the toilet" and that he was "subjected to having other inmates using the toilet practically in his face." In the absence of any further allegations suggesting that basic sanitation was adversely affected, this does not rise to the level of a constitutional violation.

celling"—putting twice the number of prisoners in a cell—is unconstitutional, Rhodes, 452 U.S. at 347, and we have held that in an overcrowded facility, officials may require inmates to sleep on mattresses, at least temporarily. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985); see also Brown v. Crawford, 906 F.2d 667, 668, 672 (11th Cir. 1990).[2]

Neither is Evans's assertion that the mattresses constituted a fire hazard sufficient to state a claim. Even if we were to conclude that the mattresses' location in the cell posed "an unreasonable risk of serious damage" in case of a fire, Chandler, 379 F.3d at 1289 (quotation omitted), we do not find sufficient factual allegations in the complaint to show that those who placed the mattresses, or otherwise directed that the mattresses be put in the cell, had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977. Under these circumstances, we cannot say that Evans has stated a claim of unconstitutional condition of confinement.[3]

---

[2] Evans states that he was moved to another correctional facility on May 25, 2008. Thus, he was in the cell with the mattresses for roughly 60 days. Cf. Bell v. Wolfish, 441 U.S. 520, 543, 99 S. Ct. 1861, 1876 (1979) (rejecting the argument that requiring a detainee to share a small sleeping space for 60 days violates the Constitution).

[3] To the extent that we must taken into account "obvious alternative explanation[s]" in determining whether a claim has been stated, Iqbal, 129 S. Ct. at 1951 (quotation omitted), we note that Evans's factual allegations equally support the possibility that the officials were simply negligent.

Evans's claim of inadequate medical care has two aspects. First, he alleges a delay in receiving medical attention. Evans avers that after the incident, he submitted three internal requests for a doctor's visit, each of which were ignored. Evans states that he did not see a doctor until May 13, 2008, after he sent a complaint to the Executive Office of the Governor. Second, he avers that the doctor that he did see failed to provide an appropriate diagnosis and adequate treatment. Evans states that the doctor "acted indifferent and uncaring." According to Evans, the doctor simply asked him to do "a series of bends" and then provided him with a sheet of paper describing various exercises for lower back pain.

Once again, these allegations do not state a claim of unconstitutional conduct. As we have noted, a plaintiff must allege "an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm." Taylor, 221 F.3d at 1258. Evans's complaint indicates that Evans hurt his back, but it does not otherwise state that during the relevant time period—from March 21, 2008 to May 13, 2008—the condition caused him significant pain or otherwise limited his movement in any way. Evans's complaint is thus devoid of the "factual enhancement," Iqbal, 129 S. Ct. at 1949 (quotation omitted), that would reasonably support the inference that "even a lay person would [have] easily

9

recognize[d] the necessity for a doctor's attention." Farrow, 320 F.3d at 1243.

Separately, we also note that the complaint does not allege sufficient facts to show that the level of care exercised by those were in charge of processing medical requests, and by the doctor who saw Evans, was worse than "accidental inadequacy, negligence . . . or even medical malpractice actionable under state law." Taylor, 221 F.3d at 1258. Assuming, as we must, that Evans's allegations are true, we readily acknowledge that the delay in arranging a medical visit and the doctor's conduct during that visit leave much to be desired. This is not enough, however, to support a claim of unconstitutional conduct. See id.

Because Evans has not alleged misconduct of a constitutional magnitude, we conclude that it was proper for the district court to dismiss his complaint, and we do not reach Evans's remaining arguments. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 n.3 (11th Cir. 2010) (noting that a district court's decision may be affirmed on any ground that finds support in the record).[4] For the

---

[4] We take this opportunity, however, to make two observations. First, Evans states on appeal that the district court failed to consider his claims as asserted against Prison Health Services. We note that while the magistrate judge's report and recommendation (R&R) and the district court's order adopting the R&R did not discuss those claims, Evans did identify this issue in a motion for reconsideration, which the district court denied. We are therefore satisfied that the district court did give consideration to those particular claims.

Second, the magistrate judge recommended, and the district court ordered, that Evans's claims against Nurse Tabitha and Dr. Zambrano be dismissed for failure to serve process because Evans could not provide the current addresses of these two individuals. The magistrate judge noted that both had left their employment at the St. Lucie County Jail. We have recently

reasons set forth above, we affirm the district court's decision to dismiss Evans's complaint.

**AFFIRMED.**

---

indicated that in such a situation, a complaint should not be dismissed unless the district court finds that the court-appointed agent has made a reasonable effort to identify the location of the defendant. Richardson v. Johnson, 598 F.3d 734, 739–40 (11th Cir. 2010).

The record in this case does not indicate that the district court made such a finding. Under these circumstances, it might be appropriate to vacate the dismissal of Evans's claims against Tabitha and Zambrano and remand the case for further proceedings. See id. However, because Evans has failed to state a claim of constitutional violation, a remand would be a purely academic exercise. The principle that a district court's decision may be affirmed on any ground that is supported by the record allows us to relieve the district court of the need to undertake this exercise. See Am. Dental Ass'n, 605 F.3d at 1293 n.3.